| | |
|---|---|
| **DISTRICT COURT, COUNTY OF JEFFERSON, STATE OF COLORADO**<br>100 Jefferson County Parkway<br>Golden, CO 80401<br>720-772-2500 | DATE FILED: July 20, 2021 11:14 AM<br>FILING ID: 5EAD4718239D3<br>CASE NUMBER: 2021CV30776 |
| Plaintiffs:       **HUNG DANG and TRAM NGUYEN**<br><br>v.<br><br>Defendant:       **ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY** | |
| | ▲COURT USE ONLY▲ |
| ATTORNEYS FOR PLAINTIFFS:<br><br>SMITH JADIN JOHNSON, PLLC<br>Christopher M. Drake, #46998<br>Alyssa E. Chirlin, #53311<br>1775 Sherman Street, Suite 2750<br>Denver, CO 80203<br>Tel:      720-550-7280<br>Email: cdrake@sjjlawfirm.com<br>           achirlin@sjjlawfirm.com | Case No:<br><br>Div/Ctrm: |
| **COMPLAINT AND JURY DEMAND** | |

COME NOW Plaintiffs, by and through undersigned counsel, and asserts the following Complaint against the above-named Defendant, stating as follows:

**PARTIES, VENUE, AND JURISDICTION**

1.   Plaintiffs Hung Dang and Tram Nguyen are residents of, and the owners of real property located in Jefferson County, Colorado.

2.   Upon information and belief, Defendant Allstate Vehicle and Property Insurance Company is an out-of-state insurance company doing business and servicing claims of its insureds in the state of Colorado.

3.   This Court has jurisdiction over the subject matter of this action and the parties hereto.

4.  Venue is proper in this Court pursuant to C.R.C.P. 98(a) and (c).

## ALLEGATIONS COMMON TO ALL COUNTS

5.  Defendant issued Policy No. 807299857 (hereinafter the "Policy") to Plaintiffs, insuring property located at 6484 S. Routt St., Littleton, CO 80127 (hereinafter the "Property") at all times relevant herein.

6.  The Policy is a homeowners' policy that covers certain risks of direct physical loss, including those arising from wind and hail.

7.  On July 24, 2018, the Property suffered wind and hail damage as a result of a storm (the "Loss").

8.  The Loss included, but was not limited to, damage to the Property's windows.

9.  Plaintiffs promptly tendered to Defendant a claim for benefits for the Loss and were assigned claim number 0526216114 (the "Claim").

10. The initial Property inspection was completed on December 14, 2018.

11. The matter is currently in appraisal and a request was made to Allstate to toll the statute of limitations pending the outcome of the award, but the request was refused necessitating the fling of this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

12. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

13. The Policy creates a contract of insurance.

14. A covered loss occurred under the Policy, giving rise to coverage thereunder.

15. Defendant has refused to acknowledge the entire scope of repairs and amount of loss and pay the total amount due under the Policy as it relates to the roof damage related to the Loss.

16. By its actions, as described above, Defendant breached the contract of insurance.

17. As a result, Plaintiffs have incurred damages in an amount to be determined at trial.

**SECOND CLAIM FOR RELIEF**
**(Bad Faith Breach of an Insurance Contract)**

18. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

19. Defendant owed duties to Plaintiffs under the Policy's implied covenant of good faith and fair dealing, wherein it covenanted that it would, in good faith, and in the exercise of fair dealing, deal with Plaintiffs fairly and honestly, faithfully perform its duties of representation, and do nothing to impair, interfere with, hinder, or potentially injure Plaintiffs' rights to receive the benefits under the Policy.

20. Defendant acted unreasonably and breached its duties of good faith and fair dealing by its actions, which included, without limitation, the following unreasonable acts:

    a. unreasonably failing to pay Plaintiffs' Claim;

    b. unreasonably failing to properly construe the Policy;

    c. unreasonably failing to make payments in a reasonable and timely manner;

    d. misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue [C.R.S.§ 10-3-1104(1)(h)(I)];

    e. failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under the Policy [C.R.S. § 10-3-1104(1)(h)(II)];

f.  failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies [C.R.S. § 10-3-1104(1)(h)(III)];

g.  refusing to pay claims without conducting a reasonable investigation based upon all information [C.R.S. § 10-3-1104(1)(h)(IV)];

h.  not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear [C.R.S § 10-3-1104(1)(h)(VI)];

i.  compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than amounts ultimately recovered in actions brought by such insureds [C.R.S. § 10-3-1104(1)(h)(VII)];

j.  failing to promptly provide a reasonable explanation for the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement [C.R.S. § 10-3-1104(1)(h)(XIV)];

k.  failing to act reasonably in the adjustment and resolution of Plaintiffs' Claim, when Defendant was aware or should have been aware of its negligence;

l.  failing to comply with reasonable standards in connection with the investigation, resolution and adjustment of Plaintiffs' Claim;

m.  unreasonably denying or failing to affirm coverage for Plaintiffs' Claim within a reasonable time after investigation;

n.  using inaccurate weather information to support denial of Plaintiffs' Claim;

o.  using inaccurate information about the roof to support denial of Plaintiffs' Claim;

4

p.   ignoring reasonably available facts, including without limitation, the inapplicability of exclusions to the claims and inaccurate statements regarding the roof and damage to it;

q.   delaying investigations of discrepancies and claims brought to Defendant's attention by Plaintiffs and Plaintiffs' representatives; and

r.   relying on an applicable standard that is not found in the Policy in order to deny Plaintiffs' rightful claims to coverages; and

s.   Other conduct to be revealed through discovery.

**THIRD CLAIM FOR RELIEF**
**(Violation of C.R.S. §10-3-1115 and Relief Pursuant to §10-3-1116)**

21. Plaintiffs incorporate the above paragraphs as if fully set forth herein.

22. C.R.S. § 10-3-1115 forbids an insurer from unreasonably delaying or denying payment of a claim for benefits owed to or on behalf of a first-party claimant.

23. Plaintiffs are first-party claimants under C.R.S. § 10-3-1115.

24. Defendant has denied and delayed Plaintiffs' Claim without a reasonable basis within the meaning of C.R.S. § 10-3-1115.

25. C.R.S. § 10-3-1116 provides that a first-party claimant whose claim has been unreasonably delayed or denied by an insurer may bring an action in Colorado district court to recover reasonable attorneys' fees and court costs and two times the covered benefit.

26. Because Defendant's actions, as described above, violate C.R.S. § 10-3-1115, Plaintiffs bring this claim to recover their reasonable attorneys' fees and court costs, as well as two times the covered benefit, as allowed under C.R.S. § 10-3-1116.

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor and against Defendant as follows:

a. For compensatory damages, both economic and non-economic, in amounts to be proved at trial;

b. For double damages pursuant to statute;

c. For all prejudgment interest, statutory or moratory, and post-judgment interest allowed by law;

d. For reasonable attorneys' fees and costs of suit herein; and

e. For such other and further relief as this Court deems just and proper.

## JURY DEMAND

27. Plaintiffs hereby demand that all issues of fact be tried to a jury.

Respectfully submitted this 20th day of July 2021.

**SMITH JADIN JOHNSON, PLLC**

*s/ Christopher M. Drake*
Christopher M. Drake, #46998
Alyssa E. Chirlin, #53311
1775 Sherman Street, Suite 2750
Denver, CO 80203
Tel:    720-550-7228
Email:  cdrake@sjjlawfirm.com
        achirlin@sjjlawfirm.com
*Attorneys for Plaintiffs*